UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LACEY, CINDY LACEY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED SEATING AND MOBILITY, LLC. d/b/a Numotion,<br><br>Defendant. | Case No. 1:20-cv-01772-NONE-HBK<br><br>**CASE MANAGEMENT AND SCHEDULING ORDER** |

The Court telephonically conducted a case management and scheduling conference on July 22, 2021.  The following counsel appeared on behalf of the respective parties:  René T. Sample on behalf of plaintiff and Deborah Coe and Brooke Messina, pending the filing of a *pro hac vice* motion, on behalf of defendant.  Following a review of the parties' Joint Report and after discussion with the parties at the scheduling conference, the court enters this Case Management and Scheduling Order for this action under Fed. R. Civ. P. 16(b).  If additional parties are joined, the Court permits the parties to adjust these deadlines once by stipulation without court approval.  The parties must file a Joint Stipulation with the revised stipulated dates.

///

///

1. **Deadlines and Dates**

| Action or Event | Date |
| --- | --- |
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 8/16/2021 |
| Deadline for moving to join a party. *See* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings. *See* Fed. R. Civ. P. 15(a). | 1/4/2022 |
| Mid-Discovery Status Conference<br>*Telephonic before Magistrate Judge Barch-Kuchta* | Report Due: 5/3/2022<br><br>Conference: 5/12/2022 10:00 a.m. |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37. | 7/15/2022 |
| Deadline for plaintiff to disclose expert report(s). *See* Fed. R. Civ. P. 26(a)(2). | 4/1/2022 |
| Deadline for defendant to disclose expert report(s). | 5/16/2022 |
| Deadline for disclosing any expert rebuttal report(s). | 6/15/2022 |
| Expert discovery deadline. | 7/15/2022 |
| Deadline to advise the Court of settlement, ADR or mediation efforts to date. *See* Local Rules 270, 271. *The parties may contact Chambers prior to this date to arrange a settlement conference*. | 8/30/2022 |
| Deadline for filing dispositive motions. *See* Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 56. | 9/30/2022 |
| Deadline for filing the final joint pretrial statement, motion(s) *in limine*, proposed jury instructions, and verdict form. *See* Local Rule 281. | 12/28/2022 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); *See* Local Rule 280, 281, 282, 283. | 1/31/2023 |
| Month and year of the trial term. | TBD |

2. **Trial**

The trial will last approximately 7-10 days and be a jury trial.  The case is currently on the

1  "NONE" docket meaning it will be re-assigned to a district judge in the future.

**3. Consent to the Magistrate Judge Jurisdiction**

The parties have not consented to conduct all further proceedings in this case, including trial, before a U.S. Magistrate Judge under 28 U.S.C. § 636(c).

**4. Mid-discovery Status Conference**

The Court has set a Mid-Discovery Status Conference date to address any discovery concerns that may arise during discovery without the need to file a formal motion. The parties shall file a Joint Mid-Discovery Status Report, not to exceed five (5) pages in length, which shall outline the status of the case, any additional discovery still planned, potential for settlement, and any other issues pending that would benefit from the Court's assistance/direction. The parties shall file the Joint Report as set forth above, and email a copy, in Word format, to hbkorders@caed.uscourts.gov. Parties may appear telephonically on the above- scheduled date at 10:00 a.m. by dialing: 1-888-204-5984 and entering Access Code 4446176.

Alternatively, if there are no discovery issues and the parties do not otherwise require the Court's assistance at this stage, the parties may move to vacate the Mid-Discovery Status Conference by filing a joint motion no later than one week before the scheduled Conference.

**5. Motions Schedule**

a.  <u>General Information Regarding Filing Motions, Deadlines and Hearings</u>

Unless prior leave of the Court is obtained, all moving and opposition briefs or legal memorandum in civil cases before Judge Barch-Kuchta shall not exceed twenty-five (25) pages. Reply briefs by the moving party shall not exceed ten (10) pages. These page limitations do not include exhibits or declarations. Briefs exceeding this page limitation without leave of Court may be stricken or not considered.

Counsel may choose to appear telephonically to argue non-dispositive motions before Magistrate Judge Barch-Kuchta, provided they indicate their intent to appear telephonically on their pleadings at least one week before the hearing. The Court's teleconference line is 1-888-204-5984; Access Code 4446176.

The deadlines for filing a response and a reply to a motion are dictated by Local Rule

230(b).  Generally, the Court rules on motions based on a review of the papers without oral argument under Local Rule 230(g).  If the Court determines a hearing is necessary following review of the record and briefs on file, the Court will set a hearing.

        b.        <u>Informal Discovery Conference Prior to Filing Motion to Compel</u>

Prior to filing a discovery motion under Fed. R. Civ. P. 37, a party must receive permission from the Court, which the Court will grant following an informal discovery conference.  An informal discovery conference is separate and apart from the Mid-Discovery Conference set forth above.

Please refer to Judge Barch-Kuchta's "Case Management Procedures" included under the "Civil Procedures" tab on this Court's webpage.[1]  A party requesting an informal discovery conference should contact Chambers for available dates.  The Court will schedule the conference as soon as possible, taking into consideration the urgency of the issue.  Before contacting the Court, the parties must meet and confer by speaking in a person, over the telephone, or via video conference in attempt to resolve the dispute.

At least 24-hours before the conference, each party shall simultaneously submit a letter brief, outlining their position regarding the dispute.  The letter briefs shall be no longer than three (3) pages in length.  Letter briefs should not be filed, but shall be emailed to Chambers at hbkorders@edca.uscourts.gov.

        c.        <u>Motions to Compel</u>

Following the informal discovery conference set forth above, the parties must conduct at least one additional **telephonic or video** call as part of their obligations to meet and confer in good faith to resolve their discovery dispute prior to seeking judicial intervention.  If a party files a motion to compel under Fed. R. Civ. P. 37, the parties must prepare and file a Joint Statement Regarding Discovery Disagreement in compliance with Local Rule 251.  Failure to comply with Local Rule 251 will result in the Court denying the motion without prejudice and dropping the motion from calendar.  In addition to filing a Joint Statement electronically, a copy of the Joint

---

[1] Available at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/502311/.

Statement, in Word format, shall also be sent to Chambers by email to hbkorders@caed.uscourts.gov.

        d.       <u>Motions for Summary Judgment or Summary Adjudication</u>

Prior to filing a motion for summary judgment or motion for summary adjudication, the parties are required to meet in person or by telephone and confer to discuss the issues to be raised in the motion. The purpose of meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the Court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and 6) arrive at a Joint Statement of Undisputed Facts.

The moving party shall initiate the meeting and provide a draft of the Joint Statement of Undisputed Facts in addition to the requirements under Local Rule 260. In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above or must forth a statement of good cause for the failure to meet and confer.

**6. Mandatory Settlement Conference (Local Rule 270)**

The parties will submit a Joint Settlement Statement indicating whether they have engaged in settlement discussions and/or whether they consent to a settlement conference at that time. If so, a settlement conference will be set by separate order. The parties are advised that unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the settlement conference with the parties and the person or persons having full authority to negotiate and settle the case, on any terms, at the conference. ***The parties may contact Chambers any time prior to this date if they wish to schedule a settlement conference or participate in the VDRP program set forth in Local Rule 271.***

**7. Pretrial Conference and Trial**

This case is currently on "NONE" docket, meaning it isunassigned currently to a District Judge. The Court has reserved a date for pretrial conference anticipating its assignment to a District Judge. Details about the conference will be communicated by separate Order.

**8. Effect of This Order**

This CMSO represents the best estimate of the Court and parties as to the schedule most suitable for this case.  If the parties determine at any time that the dates outlined in this Order cannot be met, the parties must notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

The dates set in this Order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation, **except for the one-time stipulation described earlier in this Order**.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate, attached exhibits, which establish good cause for granting the relief requested.  The failure to comply with this Order may result in the imposition of sanctions.

Dated:  July 22, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE